**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1)** | **AARNA HOTELS GROUP LLC,** an Oklahoma limited liability company §§§§ | |
| | *Plaintiff,* §§ | |
| | **v.** § | **Removed from the District Court of Garfield County, State of Oklahoma** |
| **(1)** | **AXIS INSURANCE COMPANY, a** foreign corporation; §§§§ | Case No. _____ |
| **(2)** | **SOFIA HAMIRANI, individually;** §§ | |
| **(3)** | **THE LIBERTY COMPANY INSURANCE BROKERS, LLC** itself and d/b/a **TEXAS COMMERCIAL AGENCY, a** foreign limited liability company, §§§§§§§ | |
| | *Defendants.* § | |

---

**DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AXIS Surplus Insurance Company ("AXIS"), incorrectly named in the Petition as "AXIS Insurance Company," files this Notice of Removal, and removes the above-captioned action from the District Court of Garfield County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma, and, in support thereof, shows the Court as follows:

**I.    THE STATE COURT ACTION**

1.    On June 3, 2026, Plaintiff commenced this action by filing a Petition in the District Court of Garfield County, State of Oklahoma, styled *Aarna Hotels Group LLC v. AXIS Insurance Company, et al.*, Case No. CJ-2026-186 (the "State Court Action"). (*See* Plaintiff's Petition, attached as **Exhibit 2**.)

2. The Petition names AXIS Insurance Company, Sofia Hamirani, and The Liberty Company Insurance Brokers, LLC, individually and doing business as Texas Commercial Agency ("Liberty") as the defendants. (*See* **Ex. 2**, at ¶ 1-4.) As of the filing of this Notice, Ms. Hamirani and Liberty have not been served, and their consent is therefore not required under 28 U.S.C. § 1446(b)(2)(A).

3. The State Court Action arises from an insurance coverage dispute concerning alleged fire damage to the Ramada Inn located at 3005 West Owen K. Garriott Road, Enid, Oklahoma 73703 (the "Property"). The reported fire occurred on June 4, 2025. (*See* **Ex. 2**, at ¶ 8.) Plaintiff asserts claims against AXIS for breach of contract and breach of the implied duty of good faith and fair dealing and asserts claims against Ms. Hamirani and Liberty for negligent procurement, fraud, and conversion.

## II. **REMOVAL IS TIMELY**

4. On June 19, 2026, the Oklahoma Insurance Department was served with copies of the Summons and Petition as the statutory Registered Agent for "AXIS Insurance Company." (*See* **Ex. 2**, at p. 5.) On June 26, 2026, the Oklahoma Insurance Department mailed the Summon and Petition to AXIS Insurance Company. (*See* **Ex. 2**, at p. 1.) Therefore, even assuming, without conceding, that AXIS has been properly served, that services occurred on or after June 26, 2026.

5. On July 9, 2026, AXIS filed its Answer in the State Court Action. (*See* AXIS' Answer, attached as **Exhibit 7**.)

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Even assuming, without conceding, that the thirty day removal period began on June 19, 2026 (when the Oklahoma Insurance Department received the Summons and Petition), AXIS filed this Notice within thirty days of that date.

2

### III.    VENUE IS PROPER

7.    The United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal since the District Court of Garfield County, where the State Court Action is currently pending, is within this Court's jurisdiction. *See* 28 U.S.C §§ 116(c), 1441(a), 1446(d).

8.    The United States District Court for the Western District of Oklahoma has original jurisdiction over this civil action pursuant to 28 U.S.C § 1332 because this action is between citizens of different states and the amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds $75,000.00.

### IV.    BASIS FOR REMOVAL

9.    AXIS files this Notice of Removal pursuant to 28 U.S.C. § 1446(b), which permits removal based on diversity jurisdiction. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees. *See* 28 U.S.C. § 1332(a). These two conditions are satisfied in this matter based upon personal knowledge and public records obtained from the Oklahoma Secretary of State, the Texas Secretary of State, the Garfield County Clerk's Office, and other business records.  Therefore, AXIS has properly removed this case to the United States District Court for the Western District of Oklahoma.

### A.    Citizenship of Aarna Sneh Sai Hotel, LLC

10.    Based on personal knowledge, and according to public records obtained from the Oklahoma Secretary of State and the Garfield County Clerk's Office, at the time this action commenced, at present, and at all times material to this action, Aarna Sneh Sai Hotel, LLC was a limited liability company organized under Oklahoma law. (*See* Aarna Sneh Sai Hotel, LLC's Articles of Organization and Certificate of Limited Liability Company attached as **Exhibit 10**.)

11.     The Petition identifies Plaintiff as "Aarna Hotels Group LLC," however, that appears to be a scrivener's error. AXIS does not dispute that Aarna Sneh Sai Hotel, LLC is the correct party of interest. The factual allegations in the Petition concern the Property located at 3005 West Owen K. Garriott Road and rights allegedly arising under Policy No. EAF660533-24. (*See* **Ex. 2**, at ¶ 6-7.) The recorded Warranty Deed for that Property identifies "Aarna Sneh Sai Hotel, LLC" as the property owner. (*See* Aarna Sneh Sai Hotel, LLC's Warranty Deed attached as **Exhibit 8**.) The Policy's Schedule of Values identifies "Aarna Sneh Sai Hotel, LLC" as the named insured associated with the Property. (*See* Policy No. EAF660533-24, attached as **Exhibit 9** at p. 70.)

12.     A limited liability company is a citizen of every state in which any of its members are a citizen. Its state of formation and principal place of business do not determine its citizenship. *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

13.     Based on personal knowledge, and according to public records obtained from the Oklahoma Secretary of State and the Garfield County Clerk's Office, at the time this action commenced, at present, and at all times material to this action, the members of Aarna Sneh Sai Hotel, LLC were Jay Patel and Ravina Patel. (*See* **Ex. 10**, at p. 2; *see also*, Aarna Sneh Sai Hotel, LLC's Mortgage Agreement, attached as **Exhibit 11**, at p. 10.) Both members are individuals residing and were domiciled in Oklahoma; and, therefore, are citizens of Oklahoma for diversity jurisdiction purposes. Because Jay Patel and Ravina Patel are citizens of Oklahoma, Aarna Sneh Sai Hotel, LLC is likewise considered a citizen of Oklahoma.

**B.    Citizenship of AXIS Surplus Insurance Company[1]**

14.    Based on personal knowledge, at the time this action commenced, at present, and at all times material to this action, Defendant, AXIS Surplus Insurance Company, was a foreign insurance company organized under Illinois law, and had its principal place of business in the Georgia. Accordingly, AXIS Surplus Insurance Company was a citizen of Illinois and Georgia at all relevant times. AXIS Surplus Insurance Company was not a citizen of Oklahoma.

**C.    Citizenship of Sofia Hamirani**

15.    Based on personal knowledge, and according to Plaintiff's Petition, at the time this action commenced, at present, and at all times material to this action, Defendant Sofia Hamirani resided and was domiciled in Texas. Accordingly, Sofia Hamirani was a citizen of Texas for diversity jurisdiction purposes. Sofia Hamirani was not a citizen of Oklahoma.

**D.    Citizenship of Liberty**

16.    Based on personal knowledge, and according to public records obtained from the Texas Secretary of State, at the time this action commenced, at present, and at all times material to this action, The Liberty Company Insurance Brokers, LLC was a limited liability company organized in Delaware. (*See* Liberty's Amendment to Registration – Conversion or Merger attached as **Exhibit 12**.) "Texas Commercial Agency" is an assumed or trade name and has no citizenship separate from Liberty.

---

[1] AXIS Surplus Insurance Company, Certain Underwriters at Lloyd's London, Subscribing to Policy No. PG2406015, Starstone Specialty Insurance Company, Steadfast Insurance Company, Lexington Insurance Company, Starr Insurance Companies, and Everest Indemnity Insurance Company are the subscribing insurers under Policy No. EAF660533-24 (the "Policy"). Based on personal knowledge, at the time this action commenced, at present, and at all times material to this action, none of these insurance companies were citizens of Oklahoma.

17.    Liberty's state of formation and principal place of business do not determine its citizenship. Instead, Liberty possesses the citizenship of each of its members. *See Siloam Springs Hotel*, 781 F.3d at 1237–38.

18.    Based on personal knowledge, and according to public records obtained from the Texas Secretary of State, at the time this action commenced, at present, and at all times material to this action Liberty's sole member was William Johnson. (*See* **Ex. 12**, at p. 4.)

19.    Based on personal knowledge, and according to public records obtained from the Texas Secretary of State, at the time this action commenced, at present, and at all times material to this action, William Johnson resided and was domiciled in California; and, therefore, is a citizen of California for diversity jurisdiction purposes. (*See* **Ex. 12**, at p. 4.) Because William Johnson is a citizen of California, Liberty is likewise considered a citizen of California. Liberty was not a citizen of Oklahoma.

### E.    Complete Diversity Exists

20.    Aarna Sneh Sai Hotel, LLC—the only presently identifiable entity whose rights the Petition purports to assert—was a citizen of Oklahoma at all relevant times.

21.    AXIS was a citizen of Illinois and Georgia, Ms. Hamirani was a citizen of Texas, and Liberty was a citizen of California at all relevant times. No Plaintiff or potential real party whose rights are asserted in the Petition shared citizenship with any Defendant. Complete diversity therefore exists under federal law.

22.    AXIS reserves all defenses and objections concerning Plaintiff's legal existence, capacity, standing, insurable interest, contractual rights, ownership interest, and status as the real party in interest.

**F.     Plaintiff's Claimed Damages Exceed $75,000**

23.     "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.,* 50 F.3d 871 (10th Cir. 1995), *abrogated by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014), on other grounds.

24.     Plaintiff's Petition affirmatively states that "Plaintiff demands Judgement against Defendant for actual and punitive damages in excess of Seventy Five Thousand Dollars ($75,000), interest, and costs." (*See* **Ex. 2**, at ¶ 66.) Therefore, the jurisdictional threshold is met, and removal is proper.

## IV.     <u>CONCLUSION</u>

25.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of Garfield County, Oklahoma promptly after the filing of this Notice.

26.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.2, a copy of the following is attached to (or filed contemporaneously with) this Notice:

(1)     A copy of the State Court docket sheet, **Exhibit 1**;

(2)     Plaintiff's Petition, **Exhibit 2**;

(3)     Summons and Petition Directed to Sofia Hamirani, **Exhibit 3**;

(4)     Summons and Petition Directed to Liberty, **Exhibit 4**;

(5)     Summons and Petition Directed to AXIS, **Exhibit 5**;

(6)     Certified Mail Service Return for AXIS, **Exhibit 6;** and

(7)     AXIS' Answer, **Exhibit 7.**

27.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

28.     AXIS reserves the right to supplement or amend this Notice of Removal. AXIS also reserves any and all defenses, and the filing of this Notice of Removal is subject to any and all defenses.

29.     THEREFORE, Defendant AXIS Surplus Insurance Company , pursuant to and in conformance with the requirements of 28 U.S.C. §§§ 1332, 1441, and 1446, and in accordance with this Court's local rules, removes the case styled *Aarna Hotels Group LLC v. AXIS Insurance Company, et al*, Case No. CJ-2026-186 from the District Court of Garfield County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma, and asks that this Court enter any orders as may be necessary and appropriate.

Dated: July 20, 2026

Respectfully submitted,

**SHACKELFORD, MCKINLEY & NORTON, LLP**

By:   */s/ Bruce R. Wilkin*
     **Bruce R. Wilkin, OBA 35470**
     **Dewey C. Dodson, OBA 36841**
     717 Texas Ave., 27th Floor
     Houston, Texas 77002
     832.415.1773 direct
     832.565.9030 fax
     bwilkin@shackelford.law
     ddodson@shackelford.law

     **ATTORNEYS FOR DEFENDANT**
     **AXIS SURPLUS INSURANCE COMPANY**

8

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of July 2026, a true and correct copy of the foregoing instrument was delivered electronically to all counsel of record and mailed to the following counsel of record:

Michael Kelly
LONG, CLAYPOLE & BLACKLEY LAW, PLC
P.O. Box 3623
Enid, Oklahoma, 73702-3623

**ATTORNEY FOR PLAINTIFF**
**AARNA HOTELS GROUP, LLC**

/s/ *Bruce R. Wilkin*
**Bruce R. Wilkin**